UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JADA M. ORR,

       Plaintiff,

    v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

       Defendant.

CIVIL ACTION NO.
1:25-CV-05623-JPB

## **ORDER**

This matter is before the Court on Jada M. Orr's ("Plaintiff") Motion to

Vacate Arbitration Award [Doc. 4].  This Court finds as follows:

## **BACKGROUND**

Alleging that Experian Information Solutions, Inc. ("Defendant")

inaccurately reported her credit history in violation of the Fair Credit Reporting

Act ("FCRA") and state law, Plaintiff initiated arbitration proceedings against

Defendant in July 2025.  [Doc. 4-3, p. 7].  On August 26, 2025, Brian Burgoon (the

"Arbitrator") held an evidentiary hearing. Id. at 6.  At the hearing, Plaintiff

testified and submitted fifty-six exhibits, all of which the Arbitrator admitted.[1]  Id. at 6–7.  Defendant, on the other hand, presented six exhibits and the testimony of a senior litigation analyst.  Id.  On September 19, 2025, the Arbitrator entered a final award ("Arbitration Award") in favor of Defendant and against Plaintiff as to each of Plaintiff's claims.  Id. at 22–23.  Thereafter, on November 12, 2025, Plaintiff filed the instant Motion to Vacate Arbitration Award.  [Doc. 4].  The motion is now ripe for review.

## LEGAL STANDARD

"Judicial review of arbitration decisions is among the narrowest known to the law."  Gherardi v. Citigroup Glob. Mkts. Inc., 975 F.3d 1232, 1237 (11th Cir. 2020) (citation modified).  Under the Federal Arbitration Act, a presumption exists that arbitration awards will be confirmed.  Johnson v. Directory Assistants Inc., 797 F.3d 1294, 1299 (11th Cir. 2015).  As a result, "federal courts should defer to an arbitrator's decision whenever possible."  Id. (quoting Frazier v. CitiFinancial Corp., 604 F.3d 1313, 1321 (11th Cir. 2010)).  Particularly relevant here, arbitration awards can only be vacated under four narrow circumstances:

> (1)  where the award was procured by corruption, fraud, or undue means;

---

[1] While the Arbitrator admitted all of Plaintiff's exhibits, he noted that there were discrepancies and questions regarding the accuracy of some of them.  Thus, those exhibits were entitled to less weight.

2

(2)    where there was evident partiality or corruption in the
       arbitrators, or either of them;

(3)    where the arbitrators were guilty of misconduct in refusing
       to postpone the hearing, upon sufficient cause shown, or in
       refusing to hear evidence pertinent and material to the
       controversy; or of any other misbehavior by which the rights
       of any party have been prejudiced; or

(4)    where the arbitrators exceeded their powers, or so
       imperfectly executed them that a mutual, final, and definite
       award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  These four narrow circumstances are the "exclusive grounds" for

vacatur and carry "no hint of flexibility."  Frazier, 604 F.3d at 1322.  Indeed,

expanding the statutory grounds for vacatur would "open the door to the full-bore

legal and evidentiary appeals that can render informal arbitration merely a prelude

to a more cumbersome and time-consuming judicial review process."  Id. (citation

modified).

## ANALYSIS

Plaintiff argues that the Arbitration Award should be vacated under 9 U.S.C.

§§ 10(a)(3) and (a)(4).

### 1.  9 U.S.C. § 10(a)(3)

As stated above, Plaintiff contends that the Arbitration Award should be

vacated pursuant to 9 U.S.C. § 10(a)(3).  Specifically, Plaintiff argues that the

Arbitrator failed to consider critical evidence that was directly relevant to her FCRA claims and strongly supportive of her case.

This Court recognizes that "[v]acatur is appropriate where the arbitrator refuses to consider evidence pertinent and material to the controversy." Johnson, 797 F.3d at 1301.  In this case, however, there is no indication that the Arbitrator failed to consider any evidence.  Indeed, the record demonstrates that the Arbitrator admitted all of Plaintiff's exhibits and considered how much weight to assign to each.  Though Plaintiff claims that the Arbitrator did not give her evidence the weight it deserved, that does not mean that the Arbitrator did not consider the entirety of Plaintiff's evidence.  At most, Plaintiff has merely shown that she disagrees with the Arbitrator's assessment of the evidence, which is not a ground for vacatur.  Because Plaintiff has not shown that the Arbitrator failed to consider pertinent evidence, the Court finds that Plaintiff is not entitled to relief under 9 U.S.C. § 10(a)(3).

## 2. **9 U.S.C. § 10(a)(4)**

Plaintiff also asserts that the Court should vacate the Arbitration Award pursuant to 9 U.S.C. § 10(a)(4), which provides that a court is permitted to vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject

matter submitted was not made." 9 U.S.C. § 10(a)(4). This provision has been interpreted to mean that vacatur is only proper when an "arbitrator strays from interpretation and application of the [arbitration] agreement and effectively dispenses his own brand of industrial justice." White Springs Agric. Chems., Inc. v. Glawson Invs. Corp., 660 F.3d 1277, 1281 (11th Cir. 2011). Indeed, "[i]t is not enough . . . to show that the arbitrator committed an error—or even a serious error." Reach Air Med. Servs. LLC v. Kaiser Found. Health Plan Inc., 160 F.4th 1110, 1119 (11th Cir. 2025) (citation modified). The "sole question" in determining whether an award should be vacated under § 10(a)(4) is "whether the arbitrator (even arguably) performed the assigned task, not whether [he] got the outcome right or wrong." Id. at 1120 (citation modified). In other words, "if an agreement assigns a dispute to arbitration, the arbitrators do not exceed their authority when they resolve that dispute—regardless of the outcome." Gherardi, 975 F.3d at 1238. Ultimately, a court should "check to make sure that the arbitration agreement granted the arbitrator authority to reach the issues it resolved." Id.

Plaintiff has not demonstrated that the Arbitrator exceeded his authority. In this case, the parties' arbitration agreement specifically gave the Arbitrator the ability to decide all "claims arising out of or relating to any aspect of the

relationship between [the parties] . . . whether based in contract, tort, statute (including, without limitation, the Credit Repair Organizations Act)[,] fraud, misrepresentation or any other legal theory." [Doc. 17-2, p. 6].  Because the Arbitrator merely decided Plaintiff's statutory and state law claims as contemplated by the parties' arbitration agreement—and nothing more—he did not exceed his authority, and Plaintiff is not entitled to relief under 9 U.S.C. § 10(b)(4).

The Court recognizes that Plaintiff argues that the Arbitrator exceeded his authority because he manifestly disregarded the FCRA, ignored Plaintiff's ongoing harm and erroneously relied on Defendant's private policy instead of applying the FCRA.  In the Court's view, these arguments are nothing more than Plaintiff's disagreement with how the Arbitrator applied the law.  Notably, the Eleventh Circuit Court of Appeals has held that an arbitrator's "incorrect legal conclusion is not grounds for vacating or modifying the award" under § 10(a)(4).  White Springs, 660 F.3d at 1280.  The Eleventh Circuit has also specifically recognized that manifest disregard of the law is not a basis for vacating an arbitration award. Frazier, 604 F.3d at 1324 (rejecting arguments that vacatur was proper based on an "award exhibit[ing] a wholesale departure from the law" or an award where an "arbitrator was conscious of the law and deliberately ignored it").  Because

Plaintiff's arguments are not proper arguments under § 10(b)(4), vacatur is not appropriate in this case.

### CONCLUSION

For the reasons stated above, Plaintiff's Motion to Vacate Arbitration Award [Doc. 4] is **DENIED**.  **IT IS HEREBY ORDERED** that the Arbitration Award is **CONFIRMED**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 17th day of July, 2026.

_____
**J. P. BOULEE**
United States District Judge